UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CEVERO GARCIA** : **DOCKET NO. 2:20-cv-175**
   **D.O.C. # 368938**     **SECTION P**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**USA, ET AL** : **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, by plaintiff Cevero Garcia, who is proceeding *pro se* and *in forma pauperis* in this matter. Garcia is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana ("LSP"). He names as defendants the United States of America, the United States Congress, and the United States Federal Courts.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief can be granted, under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**I.**
**BACKGROUND**

Garcia argues that this Court's denial of his recent petition for writ of habeas corpus, Docket Number 2:19-cv-1268, pursuant to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") relative to second and successive petitions, was violative of his

constitutional rights. He contends that the AEDPA violates his First Amendment right to access the courts. Doc. 7, att. 1, p. 1.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Garcia has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Theories of the Complaint

Garcia's argument, that the AEDPA is unconstitutional because it denies him access to the courts, has been rejected by the United States Fifth Circuit Court of Appeal. *See Dufrene v. Brazoria County District Attorney's Office*, 146 Fed.Appx. 715, 717, 2005 WL 19533907 (5th Cir. 2005) (AEDPA does not deny access to court, violate separation of powers, or violate the Suspension Clause). The AEDPA imposes reasonable restrictions on time limits in which to file and upon petitioners' rights to file multiple habeas corpus proceedings. *See Williams v. Fed. Dist. Court*, No. 6:12cv4, 2012 U.S. Dist. LEXIS 62163 (E.D. Tex. May 3, 2012), *7. Plaintiff's claim lacks an arguable basis in law, because, read liberally, his complaint alleges a violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th 1999).

## III.
### CONCLUSION

As plaintiff's claim lacks an arguable basis in law, it is recommended that the complaint be dismissed.

Accordingly,

**IT IS RECOMMENDED** that this civil rights action be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), as frivolous and for failure to state a claim on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. **Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days**

**following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 4th day of May, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE